# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LORENZO BENNETT, :

    Plaintiff, :

vs. :    CA 19-0142-MU

ANDREW M. SAUL, :
Commissioner of Social Security,
    :
    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Lorenzo Bennett brings this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 16 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 18 (endorsed order of reference by District Judge William H. Steele)). Upon consideration of the administrative record, Plaintiff's brief, and the Commissioner's brief,[1] the Court

---

[1]     The parties in this case waived oral argument. (*See* Docs. 15 & 19).

(Continued)

concludes that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

## I. Procedural Background

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on or about March 4, 2016, alleging disability beginning on December 7, 2015. (*See* Tr. 173-74). Bennett's claim was initially denied on April 14, 2016 (Tr. 68 & 82-86) and, following Plaintiff's April 28, 2016 oral request for a hearing before an Administrative Law Judge ("ALJ") (*see* Tr. 89-90), hearings were conducted before an ALJ on October 3, 2017 (Tr. 51-66) and, again, on May 15, 2018 (Tr. 35-49). On June 27, 2018, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to disability insurance benefits. (Tr. 12-20). More specifically, the ALJ determined that Bennett retains the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with limitations, and those sedentary jobs identified by the VE during the hearing on May 15, 2018 (*compare* Tr. 19 *with* Tr. 45-47). On July 6, 2018, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (Tr. 171); the Appeals Council denied Plaintiff's request for review on February 8, 2019 (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

Plaintiff alleges disability due to rheumatoid arthritis, major joint dysfunction, and obesity. The Administrative Law Judge (ALJ) made the following relevant findings:

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 16 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

**2.     The claimant has not engaged in substantial gainful activity since December 7, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*)**

**3.     The claimant has the following severe impairments: major joint dysfunction and obesity (20 CFR 404.1520(c)).**

. . .

**4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**

. . .

**5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he only can lift/carry up to 20 pounds occasionally; sit for 8 hours in an 8-hour workday; stand for 20 minutes at one time and [a] total of 2 hours in an 8-hour workday with breaks; walk 20 minutes at one time and [a] total of 1 hour in an 8-hour workday with breaks. The claimant, who is right hand dominant, can never use his right hand for reaching overhead, but occasionally, he can do all other reaching, handling, fingering, feeling and pushing/pulling with either hand. He can never use his feet for the operation of foot controls. He can occasionally climb stairs and ramps and balance; he can never climb ladders or scaffolds, and never stoop, kneel, crouch or crawl. At the initial hearing, claimant's attorney stipulated that no non-exertional limitations are alleged or shown in the medical evidence of record.[3]**

. . .

**6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565).**

. . .

---

[3]     This comment is clearly directed to putative limitations caused by mental impairments as this is the portion of the RFC assessment where deficiencies in concentration, persistence and pace, etc., would be addressed.

**7.** The claimant was born on November 7, 1973 and was 42 years old, which is defined as a "younger individual, age 18-44", on the alleged disability onset date (20 CFR 404.1563).

**8.** The claimant has in excess of a high school education and is able to communicate in English (20 CFR 404.1564).

**9.** Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

**10.** Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

. . .

**11.** The claimant as not been under a disability, as defined in the Social Security Act, from December 7, 2015, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 14, 15, 18, 19 & 20 (emphasis in original; footnote added)).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[4] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that he cannot do his past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given his age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform those sedentary jobs identified by the VE at the evidentiary hearing, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[5] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "'[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence.'" *Id.* (quoting *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004)).

On appeal to this Court, Bennett asserts three reasons the Commissioner's decision to deny him benefits is in error (*i.e.,* not supported by substantial evidence), namely: (1) the ALJ's RFC determination is not supported by substantial evidence; (2) the ALJ erred to reversal in finding his testimony inconsistent because of a lack of treatment for his ankles and knees since December of 2016; and (3) the ALJ erred to reversal in failing to find his rheumatoid arthritis to be a severe impairment. Because the undersigned finds that the ALJ erred to reversal with respect to Plaintiff's second assignment of error, the Court has no reason to address Bennett's other assignments of error at any great length. *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the

---

[5] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

(Continued)

'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").[6]

The Eleventh Circuit has consistently and often set forth the criteria for establishing disability based on testimony about pain and other symptoms. *See, e.g., Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted); *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991).

> [T]he claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.[7] If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson, supra,* at 1225 (internal citations omitted; footnote added).

"20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms **must** be considered in addition to the medical signs and laboratory findings in

---

[6] The Court notes that the ALJ found Plaintiff to have a severe impairment of "major joint dysfunction" (Tr. 14) even though that diagnosis appears nowhere in the record, whereas rheumatoid arthritis is certainly one of a number of diagnoses appearing in the record (*see, e.g.,* Tr. 393 (impressions include rheumatoid arthritis and other status-post operative maladies of the bilateral ankles)). In addition, the Court fails to understand the ALJ's suggestion that other than the lift/carry 10 pounds portion of Dr. Andre Fontana's medical opinion, "the remainder of the opinion reflects restrictions that are overly restrictive, and thus, inconsistent with the residual functional capacity" (Tr. 18), given that the ALJ's RFC determination (Tr. 15) and his hypothetical posed to the VE (*see* Tr. 45-46) consist of findings which mirror Dr. Fontana's physical medical source statement (*compare id. with* Tr. 407-412). Thus, there is an obvious "disconnect" in the ALJ's analysis of the opinion evidence which should be corrected on remand.

[7] "Medical history and objective medical evidence such as evidence of muscle atrophy, reduced joint motion, muscle spasm, sensory and motor disruption, are usually reliable indicators from which to draw a reasonable conclusion about the intensity and persistence of pain and the effect such pain may have on the individual's work capacity." SSR 88-13.

deciding the issue of disability." *Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir. 1995) (emphasis supplied). In other words, once the issue becomes one of consistency and, as set forth in SSR 16-3p, in recognition of the fact that a claimant's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by objective medical evidence alone, the adjudicator (ALJ) in assessing consistency must consider in addition to the objective medical evidence the other factors/evidence set forth in 20 C.F.R. § 404.1529(c). More specifically, "[w]hen evaluating a claimant's subjective symptoms, the ALJ **must** consider the following factors: (i) the claimant's 'daily activities; (ii) the location, duration, frequency, and intensity of the [claimant's] pain or other symptoms; (iii) [p]recipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the [claimant took] to alleviate pain or other symptoms; (v) treatment, other than medication, [the claimant] received for relief . . . of pain or other symptoms; and (vi) any measures the claimant personally used to relieve pain or other symptoms.'" *Leiter v. Commissioner of Social Sec. Admin.*, 377 Fed.Appx. 944, 947 (11th Cir. May 6, 2010) (emphasis supplied), quoting 20 C.F.R. § 404.1529(c)(3); *compare id. with* 20 C.F.R. § 404.1529(c)(3) (adding to the list of factors cited in *Leiter,* a seventh factor, namely, other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms); *see also* SSR 16-3p ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual. . . In addition to using all of the evidence to evaluate the intensity, persistence, and limiting effects of an individual's symptoms, we will also use the factors set forth in 20 C.F.R. § 404.1529(c)(3) . . . .").

In this case, the ALJ recognized that Plaintiff's impairments meet the pain standard (*see* Tr. 16 ("[T]he undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]")) yet found that his subjective pain complaints were not entirely consistent (*see id*. ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.")). The ALJ then went on to find that Bennett's statements about the intensity, persistence and limiting effects of his symptoms were inconsistent for but one reason, namely, "because there is no evidence of recent treatment for his ankles and/or knees since December 2016." (*Id.*). The undersigned finds this articulated reason for rejecting Plaintiff's testimony insufficient and reversible error. Initially, the undersigned notes that although it is permissible in assessing the severity of pain and other symptoms for an ALJ to consider a claimant's medical treatment, the ALJ must consider a claimant's allegation that he has not sought medical treatment because of a lack of finances. *Dover v. Bowen,* 784 F.2d 335, 337 (8th Cir. 1986); *see also Dawkins v. Bowen,* 848 F.2d 1211, 1213 (11th Cir. 1988) (favorably citing *Dover, supra,* for the proposition just cited in reaching its conclusion that "poverty excuses noncompliance."). Here, there can be little question but that Bennett alleged that his failure to seek treatment since December of 2016 (or even before then) is due to his lack of finances (Tr. 39 (Bennett's testimony that he cannot afford to see his treating physician, Dr. Morwessel); *see also* Tr. 41 (claimant's additional testimony that he can no longer afford to see Dr. Kumar, a rheumatoid arthritis specialist, or any specialist, as he has no insurance)), testimony to which the ALJ merely offered brief lip service (*see* Tr. 15 ("He was diagnosed

9

with rheumatoid and osteoarthritis, but [he is] not able to see a specialist because he does not have insurance.")) but no additional analysis. The problem in this case is that before finding Bennett's subjective testimony of pain inconsistent, "the ALJ was required to consider whether poverty, not lack of medical necessity," was the cause of the claimant's failure to seek medical treatment. *Bulger v. Colvin,* 2014 WL 4495220, *9 (M.D. Ala. Sept. 12, 2014) (citations omitted). And because the ALJ failed to chart this course and develop a proper factual record, this Court reaches the same basic conclusions as did the Court in *Henry v. Commissioner of Social Sec.,* 802 F.3d 1264, 1269 (11th Cir. 2015):

> [W]e cannot say there is "such relevant evidence as a reasonable person would accept as adequate to support [the] conclusion" that [claimant's] testimony is not [consistent]. Furthermore, in the absence of additional information regarding [claimant's] financial ability to seek [] treatment, the ALJ could not fairly assess the severity of [claimant's] [] pain and potential disability.

*Id.* (internal citations omitted). In addition, even if this is not considered a proper reason for remand, standing alone, remand remains the proper course of action given that the ALJ improperly found Plaintiff's testimony as to the intensity, persistence, and limiting effects of his pain inconsistent solely based on the lack of objective medical evidence since December of 2016 (Doc. 16). *See Snyder v. Commissioner of Social Sec.,* 330 Fed.Appx. 843, 848 (11th Cir. May 29, 2009) (finding that an ALJ "cannot discredit [claimant's] testimony as to the intensity or persistence of her pain and fatigue solely based on the lack of objective medical evidence."). Instead, as reflected above, having reached the second step concerning intensity, persistence, and limiting effects, the ALJ was required to consider other evidence, including, most notably, the factors set forth in 20 C.F.R. § 404.1529(c)(3). *See* SSR 16-3p. And because the ALJ in this case did not

consider any of the factors in 20 C.F.R. § 404.1529(c)(3) (*see* Tr. 16-17), some (if not all) of which are clearly relevant,[8] this Court cannot find that his evaluation of Plaintiff's testimony is supported by substantial evidence.

## **CONCLUSION**

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 24th day of September, 2019.

                                                    s/P. Bradley Murray
                                                    **UNITED STATES MAGISTRATE JUDGE**

---

[8] For instance, Plaintiff's daily activities, the location, duration, frequency, and intensity of pain, the measures he uses to relieve pain, factors that precipitate and aggravate pain (*compare* Tr. 40-41 *with* Tr. 204-11), would certainly be relevant in assessing the intensity, persistence, and limiting effects of Bennett's pain.